ALONSO HERMANOS y JOSÉ RAMÓN y MANUEL ALONSO MUÑOZ, demandantes y apelados, *v.* JOSÉ MATOS, demandado y apelante.

No. 5793.—*Sometido:* Junio 2, 1934. *Resuelto:* Junio 8, 1934.

*H. Torres Solá,* abogado del apelante; *Celestino Iriarte,* abogado de los apelados.

EN MOCION DE RECONSIDERACION

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Al emitir nuestra opinión original nunca perdimos de vista el hecho de que la firma de Alonso Hermanos sostenía que una venta de animales atacados de enfermedad contagiosa era enteramente nula e inexistente.

La teoría de la opinión fué en parte, considerando toda la historia de los contratos relativos a la venta de animales, que el artículo 1397 del Código Civil debía interpretarse como que concedía el derecho a anular más bien que como que hacía el contrato enteramente nulo. Esta fué la regla en España desde tiempo inmemorial, y la intención de la Legislatura de modificarla debe aparecer claramente.

Conforme indicamos en nuestra opinión, debe considerarse la situación del vendedor al igual que la situación del comprador, y debe darse una interpretación tal a la ley que respete los derechos de ambas partes. También llegamos a la conclusión de que las manifestaciones algo inconsistentes de los comentaristas no afectaban el derecho nuestro a determinar por nosotros mismos la interpretación que debe dársele a un artículo del código que ha sido intercalado en un capítulo que trata del saneamiento por defectos ocultos en animales.

Asumiendo, sin embargo, con los promoventes de la moción de reconsideración, que la venta de animales que se demostró padecían de enfermedad contagiosa fuera enteramente inexistente, no obstante creemos que debe prevalecer el contexto del artículo 1399 del Código Civil. Desde tiempo inmemorial la acción concedida al adquirente de animales atacados de enfermedad contagiosa era una acción redhibitoria. Por tanto, el hecho de que el código quizá hizo tal venta inexistente no afectó la teoría total del capítulo. La idea esencial de nuestro código y de otros códigos fué que un adquirente que tuviera el derecho de anular una venta de animales enfermos debía iniciar su acción dentro de cierto límite de tiempo, en el presente caso cuarenta días. Desde el punto de vista que miramos el caso, no importa que la acción se califique de acción de nulidad o rescisoria, o de inexistencia o en cualquiera otra forma conocida en la práctica. Según indicamos, el término para radicar una acción redhibitoria solía ser hasta seis meses, pero el legislador español, si su teoría fué que la venta era enteramente nula, trató de ofrecer alguna protección al vendedor, y ésa fué posiblemente la razón por la cual se fijó un término de cuarenta días. Nunca pudo ser la intención del legislador español que una venta de animales enfermos hecha de buena fe fuera anulable en toda época o aun durante el período de cuatro años que de ordinario es aplicable a las acciones de nulidad.

Los promoventes de la moción llaman ahora nuestra

atención a las disposiciones de la ley que someten al vendedor de animales enfermos a responsabilidad criminal. La respuesta a esta indicación es que la ley incluye solamente la venta de animales a sabiendas de que éstos están atacados de enfermedad contagiosa. La Legislatura portorriqueña creyó que tal proceder era criminoso y así lo declaró, mas el hecho de que tal proceder se declare criminal no afecta necesariamente los derechos existentes entre las partes, especialmente cuando no hay mala fe. La idea del legislador español, y ésa es nuestra propia idea, fué *Interest reipublicae ut sit finis litium.*

*Debe declararse sin lugar la moción.*